OPINION
{¶ 1} Michael Kilroy ("Michael") appeals the judgment of the Geauga County Common Pleas Court, Domestic Relations Division, which denied his motion for partial relief from judgment. For the reasons set forth below, we reverse the trial court's judgment.
 {¶ 2} Appellee, Brooke S. Kilroy ("Brooke"), and Michael were divorced on May 23, 2001. On September 25, 2001, Brooke filed a motion to show cause why Michael should not be held in contempt. Michael filed a motion to modify allocation of parental rights and responsibilities, and a motion for psychological testing. The parties filed an agreed judgment entry on the motion for psychological testing on February 2, 2002. On July 15, 2002, the parties reached an in-court agreement and read this agreement into the record. This agreement, as read into the record, provided in relevant part at paragraph eleven, that:
 {¶ 3} "The report a [sic] Dr. Neuhaus shall not be discussed by either party with third parties beyond Drs. Phelps and Rosenbaum and immediate family, without the express permission of the Special Master. Immediate family, as used in this paragraph, shall be defined as persons related by blood and persons evaluated in Dr. Neuhaus's report."
 {¶ 4} Michael submitted a proposed judgment entry reciting the terms of the settlement agreement. Brooke filed objections to Michael's proposed entry. Brooke argued that paragraph eleven should be modified to read:
 {¶ 5} "The report of Dr. Neuhaus shall not be discussed by either party with the minor children of the parties or with third parties except Drs. Phelps and Rosenbaum and immediate family (other than the children) without the express permission of the Special Master. "Immediate family" as used in this paragraph shall be defined as persons related by blood and persons evaluated in Dr. Neuhaus' report, other than the minor children of the parties."
 {¶ 6} Brooke submitted a proposed entry with this modified language. The court signed Brooke's proposed entry and it was filed on August 12, 2002.
 {¶ 7} On August 12, 2002, Michael filed a motion to vacate a portion of the judgment arguing that paragraph eleven as contained in the judgment entry differed from the terms of the agreement read into the record. The trial court, in its entry ruling on Michael's motion to vacate, found that the judgment entry as filed by the court differed from that read into the record by the parties. Nonetheless, by an entry filed September 3, 2002, the trial court denied Michael's motion, holding that:
 {¶ 8} "as a matter of law, this Court finds that with the exception of the minor children's health care professional, it is in the best interest of the children that the report of Dr. Neuhaus not be discussed with them by either of their parents or by any other third party."
 {¶ 9} On September 10, 2003, Michael filed this timely appeal of both the trial court's judgment entry of August 12, 2002, and the judgment entry of September 3, 2003 denying his motion to vacate. He raises one assignment of error for our review:
 {¶ 10} "The trial court erred as a matter of law by adding, without the consent of one of the parties, a term to the parties' settlement agreement."
 {¶ 11} We review the trial court's decision for an abuse of discretion. Rulli v. Fan Co. (1997), 79 Ohio St.3d 374, 376.
 {¶ 12} In Rulli, the Ohio Supreme Court held that, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." Id. at syllabus. Here, the parties clearly disputed the meaning of "immediate family." Under Michael's definition, immediate family would include the minor children; under Brooke's it does not.
 {¶ 13} A valid settlement agreement is a contract between the parties and requires a meeting of the minds. Id. at 376. While courts may encourage settlement, they may not force an agreement upon the parties. Id. Further, "[s]ince a settlement upon which final judgment has been entered eliminates the right to adjudication by trial, judges should make certain the terms of the agreement are clear, and that the parties agree on the meaning of those terms." Id.
 {¶ 14} In the instant case, there was apparently no meeting of the minds. The trial court abused its discretion when it modified the terms of the parties' settlement agreement without conducting a hearing. We emphasize that our holding concerns only the procedure used by the trial court and not the substance of the change to paragraph eleven. The decision of the Geauga County Common Pleas Court, Domestic Relations Division is reversed and this case remanded for proceedings consistent with this opinion.
DONALD R. FORD, P.J., and JUDITH A. CHRISTLEY, J., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment.